*CR-05-10246*



David A. DiMarzio
Clerk of Court

## *UNITED STATES DISTRICT COURT*
## *District of Rhode Island*

Paulette J. Dube
Chief Deputy Clerk

October 3, 2005

Chief Judge William Young
ATTN: Office of the Clerk
USDC-District of Massachusetts
5710 United States Courthouse
One Courthouse Way
Boston, MA 02210-3002

    *Re: CR02-17T USA v . Luis Pizarro*

To Whom it May Concern:

    Enclosed please find certified copies of the Information, Consent to Plead Guilty form and the Judgment and Commitment form in this matter for your records in relation to the transfer of jurisdiction of this defendant under supervised release.

    Should you have any questions, please contact me at the above reference number. Please return a file-stamped copy of this letter to the District of Rhode Island. Thank you in advance for your attention to this matter.

Very Truly Yours,

Ryan H. Jackson
Deputy Clerk

rj/
encl.

AO 245B (Rev. 9/00) Judgment in a Criminal Case - Sheet 1

# United States District Court
## District of Rhode Island

UNITED STATES OF AMERICA

v.

**LUIS PIZARRO**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: **1:02CR00017-01T**

**JOHN E. MacDONALD, ESQ.**

Defendant's Attorney

### THE DEFENDANT:

[✔]   pleaded guilty to count(s): **1 of the Information** .

[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.

[ ]   was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §2113(a) | BANK ROBBERY | 12/19/01 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).

[ ]   Count(s) dismissed on motion of the United States: ___.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:        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

Defendant's Date of Birth:        5/1/80

Defendant's USM No.:    05115-070

Defendant's Residence Address:
**5 LEAH STREET**
**LAWRENCE, MA 01841**

Defendant's Mailing Address:
**5 LEAH STREET**
**LAWRENCE, MA 01841**

**OCTOBER 18, 2002**

Date of Imposition of Judgment

Ernest C. Torres

Signature of Judicial Officer

**ERNEST C. TORRES**
**Chief Judge**

Name & Title of Judicial Officer

10/24/02

Date

TRUE COPY
DAVID A. DiMARZIO



AO 245B (Rev. 9/00) Judgment in a Crimi    ase - Sheet 2 - Imprisonment

CASE NUMBER:        1:02CR00017-01T                                    Judgment - Page 2 of 8
DEFENDANT:          LUIS PIZARRO

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned
for a total term of **30 MONTHS** .

[✔]    The court makes the following recommendations to the Bureau of Prisons:

**DEFENDANT SHALL BE ASSIGNED TO A FACILITY WHERE HE CAN RECEIVE SUBSTANCE ABUSE
COUNSELING AND TREATMENT**

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                    _____
                                                             UNITED STATES MARSHAL


                                            By      _____
                                                           Deputy United States Marshal

CASE NUMBER:        1:02CR00017-01T                                          Judgment - Page 3 of 8
DEFENDANT:          **LUIS PIZARRO**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Crimi.    ase - Sheet 3 - Supervised Release

CASE NUMBER:        **1:02CR00017-01T**                                                    Judgment - Page 4 of 8
DEFENDANT:          **LUIS PIZARRO**

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special condition:

The defendant shall participate in and satisfactorily complete a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment.

AO 245B (Rev. 9/00) Judgment in a Crimi    ase    Sheet 5, Part B - Criminal Monetary Penal

CASE NUMBER:      1:02CR00017-01T                                                        Judgment - Page 5 of 8
DEFENDANT: LUIS PIZARRO

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $100.00    |      | $34,622.00  |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---------------|-----------------------|-------------------------------|--------------------------------|
| **SOVEREIGN BANK** **1 Sovereign Way** **East Providence, RI 02915** | $34,622.00 | $34,622.00 | 100% |
| TOTALS: | $34,622.00 | $34,622.00 | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $ _____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[✔]  the interest requirement is waived for the    [ ] fine and/or [✔] restitution.

[ ]  the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 9/00) Judgment in a Criminal case - Sheet 5, Part B - Criminal Monetary Penalty

CASE NUMBER:1:02CR00017-01T                                          Judgment - Page 6 of 8
DEFENDANT: **LUIS PIZARRO**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    [x] Lump sum payment of $34,722.00_ due immediately, balance due

      [ ] not later than _, or
      [ ] in accordance with [] **C**, [] **D**, or [] **E** below; or

**B**    [ ] Payment to begin immediately (may be combined with [] **C**, [] **D**, or [] **E** below); or

**C**    [ ] Payment in _ installments of $_ over a period of _, to commence _ after the date of this judgment; or

**D**    [ ] Payment in _ installments of $_ over a period of _, to commence _ after release from imprisonment to a term of supervision; or

**E**    [] **Upon commencement of the term of supervised release, the probation officer will review the defendant's financial circumstances and recommend a schedule of payments for approval by the court.**


    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✔] Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:
    ANGELO RAMOS 1:02CR00014-01ML

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall pay the following court cost(s):

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3 )restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CASE NUMBER:**1:02CR00017-01T**                                                                    Judgment - Page 7 of 8
DEFENDANT:  **LUIS PIZARRO**

# STATEMENT OF REASONS

[✔] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:_ **26**_

Criminal History Category:_**1**_

Imprisonment Range:_ **63**_to_**78**_months

Supervised Release Range:_ **2**_to_**3**_years

Fine Range:$_**12,500.00**_to $_**125,000.00**_

[✔] Fine is waived or is below the guideline range, because of inability to pay.

Total Amount of Restitution: $_**34,622.00**_

[ ] Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offences committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

[ ] Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B (Rev. 9/00) Judgment in a Crimin.    .se - Sheet 6 - Statement of Reasons

CASE NUMBER:1:02CR00017-01T                                    Judgment - Page 8 of 8
DEFENDANT: **LUIS PIZARRO**

## STATEMENT OF REASONS

[ ]  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no
     reason to depart from the sentence called for by application of the guidelines.

### OR

[ ]  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed
     for the following reason(s):

### OR

[✔] The sentence departs from the guideline range:

   [✔] upon motion of the government, as a result of defendant's substantial assistance.

   [ ]   for the following specific reason(s):

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA          :
                                  :
v.                                :          C.R. 02-17 T
                                  :
LUIS PIZARRO                      :

CONSENT
TO THE TAKING OF GUILTY PLEA
IN FELONY CASE BY MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(b)(3), the undersigned hereby consent to have the entry of the Defendant's plea of guilty in this felony case made before a magistrate judge rather than a district judge.

FOR THE GOVERNMENT:

_____          Date: _____May 23 2002_____
Signature of AUSA

_____Zechariah Chafee_____
Printed Name of AUSA

FOR THE DEFENDANT:

_____          Date: _____5-23-02_____
Signature of Defense Attorney

_____John E. McDonald_____
Printed Name of Defense Attorney

I understand that I have a right to enter my plea of guilty in this felony case before a district judge. I hereby voluntarily waive that right, and I agree to have my plea of guilty in this felony case heard before a magistrate judge.

_____          Date: _____5/23/02_____
Signature of Defendant

_____Luis Pizarro_____
Printed Name of Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. No. $CR.$ $01$-$177$ |
| | ) | In Violation of 18 U.S.C. |
| vs. | ) | § 2113(a) |
| | ) | |
| LUIS PIZARRO | ) | |

### INFORMATION

The United States Attorney charges that:

On or about December 19, 2001, in the District of Rhode Island, the defendant, LUIS PIZARRO, did aid and abet Angelo Ramos to take by force, violence, and intimidation from the person and presence of another, that is, bank employees, money belonging to and in the care, custody, control, management and possession of Sovereign Bank located at 310 Broad Street, Cumberland, Rhode Island, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

In violation of 18 U.S.C. § 2113(a).

True Copy
DAVID A. DIMARZIO

MARGARET E. CURRAN
United States Attorney

By:  ZECHARIAH CHAFEE
     Assistant U.S. Attorney

     CRAIG N. MOORE
     First Asst. U.S. Attorney

     Date filed:  01-18-02